IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR142 |
| v. | |
| DEVON TAYLOR HOBBS, | ORDER |
| Defendant. | |

On August 20, 2020, defendant Devon Taylor Hobbs ("Hobbs") pleaded guilty to knowingly and intentionally distributing five grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1). On December 11, 2020, the Court varied down from Hobbs's advisory United States Sentencing Guidelines range of 57 to 71 months (level 23, category III) and sentenced her to 36 months in prison, followed by 4 years of supervised release. Hobbs avoided the five-year mandatory minimum for her crime because Hobbs qualified for the statutory safety valve under 18 U.S.C. § 3553(f) as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, 5221 (2018).

The Court allowed Hobbs to self-surrender to the Bureau of Prisons ("BOP"). On Hobbs's motion (Filing No. 51), the Court extended Hobbs's self-surrender date from February 8, 2021, to April 12, 2021, to allow her to prepare for the expected birth of her child in September 2021.

Now before the Court is Hobbs's pro se Motion for Reduction of Sentence under 18 U.S.C. § 3582(c) (Filing No. 53). Hobbs contends the "Court should sentence [her] to a period of home confinement" because she is pregnant. Hobbs alternatively requests that the Court delay her self-surrender date another six months and reduce her sentence by that amount.

Both requests are denied. Hobbs, who has not even begun serving her sentence, does not qualify for a sentence reduction under § 3582(c)(1)(A), which requires a defendant to first submit a request for a sentence reduction to the warden of the facility in which she is incarcerated. And although Hobbs is understandably upset about giving birth in prison during a pandemic, the Court finds that further delay of her self-surrender is unwarranted under the totality of the circumstances in this case.

Hobbs's motion potentially raises another issue regarding the nature of her request for relief. Hobbs's arguments seem to indicate she understands the distinction between this Court's expanded authority to reduce her sentence under First Step Act and the BOP's expanded authority to grant home confinement under Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, 134 Stat. 281 (2020). She also appears to recognize the difference between this Court imposing home detention as a condition of supervised release and the BOP's authority to grant home confinement. *See United States v. Campbell*, No. CR03-4020-LTS, 2020 WL 3491569, at *4 (N.D. Iowa June 26, 2020) (noting some inmates have confused compassionate release and "home confinement" under the CARES Act).

Given Hobbs's apparent understanding of the relevant issues, the Court does not read her motion to ask the Court to order "home confinement" under the CARES Act. To the extent she does, the request must be denied. Federal law gives the BOP exclusive authority to designate the place where a prisoner must serve her sentence, including any placement in home confinement. *See* 18 U.S.C. § 3621(b) (requiring the BOP to "designate the place of the prisoner's imprisonment"); *id.* § 3624(c)(2) (authorizing the BOP to place a prisoner in home confinement for part of the term of imprisonment); *Tapia v. United States*, 564 U.S. 319, 331 (2011) (explaining "the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.'" (quoting 18 U.S.C. § 3621(b))). Although the Court can make a recommendation to the BOP regarding home

confinement in appropriate circumstances, *see*, *e.g.*, *Campbell*, 2020 WL 3491569, at *6, the Court chooses not to here.

Based on the foregoing, Hobbs's pro se Motion for Reduction of Sentence under 18 U.S.C. § 3582(c) (Filing No. 53) is denied.

Dated this 17th day of March 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

3