IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON TAYLOR HOBBS,<br><br>Defendant. | 8:19CR142<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the September 2, 2021, letter from defendant Devon Taylor Hobbs ("Hobbs") (Filing No. 55) which the Court construes as a motion for a sentence reduction under the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), codified at 18 U.S.C. § 3582(c)(1)(A).

Hobbs filed a similar motion on March 15, 2021 (Filing No. 53), before she surrendered to the United States Bureau of Prisons ("BOP") on April 12, 2021. The Court denied that motion (Filing No. 54).

The First Step Act allows Hobbs to move for a sentence reduction once she has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [her] facility, whichever is earlier." Hobbs's request to the warden at FCI Greenville, Illinois, was denied on July 15, 2021. Therefore, Hobbs has met the procedural requirements of § 3582(c)(1)(A).

In deciding whether to reduce a sentence pursuant to § 3582(c)(1)(A), the Court considers the relevant factors set out in 18 U.S.C. § 3553(a) including the nature and circumstances of the offense of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also

deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id.*

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2) and must ensure the relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13.

Hobbs's request is based on COVID-19 and the fact that she is pregnant. Hobbs is currently housed at the Residential Reentry Management Center in Downers Grove, Illinois ("RRM Chicago"). Hobbs recites COVID-19 infection numbers for Sangamon County, Illinois, but she is not currently housed in that county. She has chosen not to be vaccinated.

Although the Court is sympathetic to Hobbs's pregnancy-related concerns, the pregnancy was taken into consideration at her sentencing and in the orders allowing her to self-surrender.

Given the nature and circumstances of the offense and noting that Hobbs is not in the general prison population in Springfield, Illinois, but is in RRM Chicago, the Court does not find that extraordinary and compelling reasons exist to reduce Hobbs's sentence.

---

[1]This policy statement predates the First Step Act and therefore does not govern the Court's review of Hobbs's request for a sentence reduction. The Court nonetheless finds it helpful in deciding whether to reduce her sentence. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

Based on the foregoing, Hobbs's motion for a sentence reduction (Filing No. 55) is denied.

Dated this 9th day of September 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3